```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
```

_____
                                    )
LORENZO CARLOS BACA BANCES,         )
                                    )
                 Petitioner,        )
                                    )
v.                                  )   Civil Action
                                    )   No. 25-cv-13840-PBS
KRISTI L. NOEM, Secretary of the    )
U.S. Department of Homeland         )
Security, et al.,                   )
                                    )
                 Respondents.       )
_____ )


## ORDER

January 22, 2026

Saris, J.

Petitioner Lorenzo Carlos Baca Bances ("Petitioner"), a citizen of Peru, brings this habeas petition under 28 U.S.C. § 2241 to challenge his immigration detention without a bond hearing. After review of the briefs and a hearing, the Court allows the petition.

As brief background, Petitioner entered the United States without inspection on February 10, 2024. The U.S. Department of Homeland Security ("DHS") apprehended Petitioner the following day and issued a Notice and Order of Expedited Removal under 8 U.S.C. § 1225(b)(1). During an interview with an immigration officer, Petitioner expressed a fear of persecution and an intent to apply for asylum. An asylum officer subsequently determined that

1

Petitioner did not present a credible fear of persecution. Petitioner challenged this determination before an immigration judge, who vacated Petitioner's expedited removal order upon a finding that he had established a credible fear of persecution. On April 10, 2024, DHS issued a notice to appear commencing removal proceedings against Petitioner under 8 U.S.C. § 1229a. About a week later, DHS released Petitioner on humanitarian parole under 8 U.S.C. § 1182(d)(5)(A). Petitioner's humanitarian parole expired after one year, but DHS did not take Petitioner back into custody in April 2025.

On October 24, 2025, Petitioner was arrested by local police on charges arising out of a traffic stop. DHS detained Petitioner about a month later. Petitioner requested a bond hearing before an immigration judge, who denied the request on the basis that Petitioner is statutorily ineligible for release on bond.

The government argues that Petitioner is subject to mandatory detention without a bond hearing under § 1225(b)(1). The government emphasizes that 8 U.S.C. § 1182(d)(5)(A) provides that when a grant of humanitarian parole terminates, the noncitizen "shall forthwith return or be returned to the custody from which he was paroled." The Court assumes for present purposes that, as the government contends, this provision means that upon the termination of humanitarian parole, a noncitizen reverts to the detention authority to which he was subject at the time he was paroled. Even

2

if that were true, the Court rejects the government's antecedent argument that Petitioner was subject to mandatory detention under § 1225(b)(1) at the time he was released on humanitarian parole in April 2024.

The key question is whether § 1225(b)(1) mandates detention of a noncitizen like Petitioner who is issued an expedited removal order, is found by an asylum officer not to have a credible fear of persecution, and is then placed in standard removal proceedings following an immigration judge's reversal of the negative credible fear determination and vacatur of the expedited removal order. Section 1225(b)(1) contains two relevant detention provisions. The first states that "[i]f the [asylum] officer determines at the time of the interview that an alien has a credible fear of persecution . . . , the alien shall be detained for further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii). The second provides that "[a]ny alien subject to the procedures [for when the asylum officer makes a negative credible fear determination] shall be detained pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed." Id. § 1225(b)(1)(B)(iii)(IV).

The Supreme Court has held that these provisions "mandate detention of applicants for admission until certain proceedings have concluded." Jennings v. Rodriguez, 583 U.S. 281, 297 (2018). The government relies on Department of Homeland Security v.

3

Thuraissigiam to assert that the proceedings during which these mandatory detention provisions apply include standard removal proceedings following a positive credible fear determination, but Thuraissigiam states only that noncitizens "who are found to have a credible fear may also be detained pending further consideration of their asylum applications." 591 U.S. 103, 111 (2020) (emphasis added). District courts have reached different conclusions on whether these provisions require detention during standard removal proceedings for a noncitizen in Petitioner's position. Compare Jimenez v. FCI Berlin, Warden, 799 F. Supp. 3d 59, 68-69 (D.N.H. 2025) (holding that "§ 1225(b)(1) only mandates detention of noncitizens arriving in the United States during the pendency of expedited removal proceedings and the credible fear interview and review process"), with Rincon v. Hyde, __ F. Supp. 3d __, __ (D. Mass. 2025) [2025 WL 3122784, at *3] (concluding that the detention of a noncitizen similarly situated to Petitioner "continue[d] to be governed by [§] 1225(b)(1), notwithstanding his case's transfer from expedited removal into section 1229a proceedings").

Reading the relevant provisions in light of their plain text, see N.H. Lottery Comm'n v. Rosen, 986 F.3d 38, 55 (1st Cir. 2021) ("[T]he plain meaning of a statute's text must be given effect . . . ." (first alteration in original) (quoting Colón-Marrero v. Vélez, 813 F.3d 1, 11 (1st Cir. 2016))), the Court holds that § 1225(b)(1) did not mandate Petitioner's detention at the

4

time he was released on humanitarian parole. Section 1225(b)(1)(B)(ii) applies "[i]f the [asylum] officer determines at the time of the interview that an alien has a credible fear of persecution," 8 U.S.C. § 1225(b)(1)(B)(ii), but the asylum officer here made a negative credible fear determination in Petitioner's case. See Jimenez, 799 F. Supp. 3d at 69 (finding § 1225(b)(1)(B)(ii) inapplicable for this reason). Nor did § 1225(b)(1)(B)(iii)(IV) provide for Petitioner's mandatory detention because that subsection applies "pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed." Id. § 1225(b)(1)(B)(iii)(IV). When Petitioner was released on humanitarian parole, the immigration judge had already reached a final credible fear determination and concluded that he did have such a fear. See Jimenez, 799 F. Supp. 3d at 69 (adopting this interpretation of § 1225(b)(1)(B)(iii)(IV)).

For these reasons, Petitioner is not subject to mandatory detention under § 1225(b)(1). And the government does not argue that any other statutory provision that mandates detention during removal proceedings -- such as 8 U.S.C. § 1225(b)(2) or 8 U.S.C. § 1226(c) -- applies to Petitioner. The Court therefore concludes that Petitioner is subject to discretionary detention with the right to a bond hearing under 8 U.S.C. § 1226(a). See Guerrero

5

Orellana, __ F. Supp. 3d __, __ (D. Mass. 2025) [2025 WL 3687757, at *2] (describing these detention authorities).

Accordingly, the Court **ALLOWS** the habeas petition (Dkt. 1) and **ORDERS** that the government release Petitioner unless he is provided with a bond hearing that complies with the standards outlined in Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021), within seven business days of the date of this order.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge